NUMBER 13-98-577-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RAMIRO CABALLERO
, Appellant,


v.



RUSSELL LICCIARDELLO AND SHARON LEA 

LICCIARDELLO, INDIVIDUALLY AND 

D/B/A SHARON LEA CONSTRUCTION
, Appellees.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 Appellant Ramiro Caballero filed suit against his employer,
appellees Russell Licciardello and Sharon Lea Licciardello, individually
and d/b/a Sharon Lea Construction, a nonsubscriber under the Texas
Workers' Compensation Act, for injuries incurred in an on-the-job injury. 
After trial, the jury found that Caballero's injuries occurred during the
course of his employment and were proximately caused by the
negligence of appellees. The jury awarded Caballero $83,000 for future
physical pain and mental anguish, $30,000 for "diminished capacity to
work and earn money in the past," and $37,000 for past medical
expenses. 

 Appellees filed a motion for judgment notwithstanding the verdict
on the ground that Caballero failed to present expert testimony
regarding the applicable standard of care, consequently there was no
evidence that appellees were negligent or that their negligence, if any,
caused Caballero's injuries. The trial court granted a judgment
notwithstanding the verdict, finding that there was "no evidence to
support the verdict of the jury on the issue of negligence and that
negligence of the Defendants proximately caused injuries to Plaintiff."

 Caballero appeals this take-nothing judgment by two issues. In
his first issue, Caballero argues that the trial court erred in granting a
judgment notwithstanding the verdict because there was ample
evidence to support the verdict. In his second issue, Caballero contends
that the need for adequate supervision at a construction site is a matter
of general experience and common sense, and therefore, expert
testimony is not required to establish the standard of care or causation. 
We reverse and render judgment in favor of Caballero.


Standard of Review


 A trial court may disregard a jury's findings and grant a motion for
judgment notwithstanding the verdict only when there is no evidence
upon which the jury could have made its findings. See Mancorp, Inc.
v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). In other words, a trial
court may render a judgment notwithstanding the verdict if a directed
verdict would have been proper. See Tex. R. Civ. P. 301; Fort Bend
County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991). 

 In reviewing a judgment notwithstanding the verdict, we
determine whether there is any evidence upon which the jury could
have made its finding. The record is reviewed in the light most
favorable to the finding, considering only the evidence and inferences
that support the finding and rejecting the evidence and inferences
contrary to the finding. See Brown v. Bank of Galveston, N.A., 963
S.W.2d 511, 513 (Tex. 1998); Navarette v. Temple Indep. Sch. Dist.,
706 S.W.2d 308, 309 (Tex. 1986). If there is more than a scintilla of
competent evidence to support the jury's finding, then the judgment
notwithstanding the verdict will be reversed. See Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989).

Applicable Law


 An employee of a workers' compensation nonsubscriber must
establish that the employer was negligent in order to recover for injuries
sustained in the course of employment. See Werner v. Colwell, 909
S.W.2d 866, 868 (Tex. 1995). To establish negligence, evidence must
be produced to establish a duty, a breach of that duty, and damages
proximately caused by the breach. Id. 

 An employer has a duty to its employees to use ordinary care in
providing a safe workplace. Leitch v. Hornsby, 935 S.W.2d 114, 117
(Tex. 1996); Werner, 909 S.W.2d at 869. The employer's nondelegable
and continuous duties to its employees include: providing a safe place
in which to work and to furnish reasonably safe instrumentalities,
warning employees of the hazards of their employment, and
supervising their activities. Farley v. MM Cattle Co., 529 S.W.2d 751,
754 (Tex. 1975); see also National Convenience Stores v. Matherne, 987
S.W.2d 145, 149 (Tex.App.--Houston [14th Dist.] 1999, no pet.). The
employer further has a duty to provide rules and regulations for the
safety of employees and to select careful and competent fellow
servants. See Burk Royalty Co. v. Walls, 616 S.W.2d 911, 923-24 (Tex.
1981).

 In his petition and at trial, Caballero asserted that appellees were
negligent in: failing to provide him with a safe place to work; failing to
warn of the danger that exists when standing on a ceiling joist; creating
a dangerous condition at the work site; failing to adequately supervise
the worksite and its employees; failing to properly instruct its
employees on the proper method of installing the ceiling joist; failing to
warn that the ceiling joist had not been properly nailed or secured; and
failing to instruct its employees on how to adequately warn fellow
employees of dangerous conditions created or existing on the property.

Factual Background


 Russell Licciardello, one of the owners of Sharon Lee Construction,
had been working in Hidalgo County for twenty-two years doing
automotive body and fender work and home construction. Caballero,
twenty-one years old at the time, approached Licciardello for a job. 
Caballero and Licciardello knew each other from working at the same
job sites. Caballero had previously worked installing carpets for a rug
company for a period of nine to eleven months, and had no other prior
work experience. Licciardello hired Caballero as a carpenter's helper for
one of his other employees. Although Licciardello contended that
Caballero told him he had carpentry experience, Caballero said that he
told Licciardello that he only knew how to install carpets, and denied
ever telling Licciardello that he was a carpenter. Caballero testified that
Licciardello never advised Caballero of the risks he could encounter, nor
instructed him regarding safety on the job.

 Licciardello put Caballero to work on a home under construction,
specifically instructing him to assist another employee in applying
sheeting to a garage. There were five or six other individuals working
at the job site, some of whom were subcontractors, and some of whom
were also Licciardello's employees. Licciardello testified that all the
other individuals on site had much greater experience and had been
working with him or for him for a much longer time than Caballero. 
Licciardello acknowledged that one of these individuals had a drinking
problem. 

 Caballero testified that he worked on the garage during his first
day of work, and part of the following day. During the second day, one
of his coworkers directed him to work on the second floor of the house,
and Caballero spent at least part of the day on the second floor of the
house, where they were installing ceiling joists. Caballero was
reinforcing the walls to raise them two to three feet higher around the
perimeter of the house. 

 Caballero continued this work on his third day of employment. 
While climbing down from the second floor for lunch, Caballero stepped
on a ceiling joist that had not been properly secured, and fell to the floor
below. Caballero broke his jaw and leg, requiring multiple surgeries,
and also injured his back and arm.

 Licciardello was not present at the time of the accident, having
gone with his client to pick up materials for the house. Licciardello said
that he was the only individual in charge at the work site, and that no
one else had the authority to tell the workers what to do, although he
conceded that it was possible that another employee sent Caballero to
work on the second floor. Licciardello agreed that if he had had a
supervisor on site, Caballero would not have been working on the
second floor. Licciardello further agreed that if he had been there, he
would not have allowed Caballero on the second floor because he was
not experienced enough. Licciardello acknowledged that it was
dangerous work.

 Caballero testified that Licciardello visited the work site
sporadically, but did not stay there throughout the workday. Caballero
did not know if Licciardello ever saw him working on the second floor. 
Caballero testified Licciardello told him after the accident that the
employee who had sent Caballero to work on the second floor was "a
drunk," and irresponsible. 

Analysis


 Reviewing the record in the light most favorable to the jury's
findings, we conclude that more than a scintilla of evidence supported
the jury's verdict. See Brown, 963 S.W.2d at 513; Southern States
Transp., Inc., 774 S.W.2d at 640. Caballero, an inexperienced worker,
received no safety training or instruction. Licciardello admitted that he
was the only individual in charge, and that there was no one else on the
site acting as a supervisor. Nevertheless, Licciardello was not present
at the worksite during the majority of the workday, and was absent at
the time of the accident. Licciardello admitted that Caballero would not
have been allowed on the roof if he had been present because Caballero
was not experienced enough to work on the roof, and working on the
roof was dangerous. The jury heard evidence indicating that
Licciardello believed that the coworker who directed Caballero to work
on the second floor was "a drunk," and irresponsible. The evidence
adduced at trial showed that the ceiling joist was not properly secured,
causing Caballero's fall. 

 Although we agree with appellee's contention that some cases
require expert testimony to establish a violation of the standard of care,
we do not believe the instant case required expert testimony because
the alleged negligence was within the common experience of the
average layman. Compare Roark v. Allen, 633 S.W.2d 804, 809 (Tex.
1982)(expert testimony required in diagnosing skull fracture); with J. D.
Abrams, Inc. v. McIver, 966 S.W.2d 87, 93 (Tex.App.--Houston [1st
Dist.] 1998, pet. denied)(expert testimony not required to establish
standard of care applicable to highway construction company).

 The jury heard evidence that appellees failed to provide a safe
place for Caballero to work, failed to warn Caballero of the hazards of
his employment, failed to supervise his activities, and failed to select
careful and competent fellow servants. See Farley, 529 S.W.2d at 754;
Burk Royalty, 616 S.W.2d at 923-24; National Convenience Stores, 987
S.W.2d at 149. We thus conclude that more than a scintilla of evidence 
supports the jury's findings in favor of Caballero, and accordingly
reverse the judgment notwithstanding the verdict. 

Cross Point


 When a trial court has entered an erroneous judgment
notwithstanding the verdict, the appellate court must reverse the trial
court's judgment and enter judgment in harmony with the verdict,
unless the appellee presents, by cross-points, grounds sufficient to
vitiate the jury's verdict or to prevent affirming the judgment had one
been entered on the verdict. See Tex. R. App. P. 38.2(b)(1); Tex. R. Civ.
P. 324(c); Miller v. Bock Laundry Mach. Co., 568 S.W.2d 648, 652 (Tex.
1977); Henderson v. Central Power & Light Co., 977 S.W.2d 439, 446
(Tex.App.--Corpus Christi 1998, pet. denied). 

 By cross-point, appellees argue that this case sounded in premises
liability, and that Caballero should have pleaded and proved a premises
liability case and submitted it to the jury with appropriate instructions. 
We disagree with appellees' contention that this case sounded solely
in premises liability. 

 Caballero elected to bring this action as a negligence case against
his employer, and this cause of action was supported by the facts and
applicable law. Caballero, as an employee of a workers' compensation
nonsubscriber, brought a negligence cause of action against his
employer for injuries sustained in the course of employment. Such a
cause of action is clearly established by Texas law. See Werner, 909
S.W.2d at 868; Farley, 529 S.W.2d at 754; Burk Royalty, 616 S.W.2d
at 923-24; National Convenience Stores, 987 S.W.2d at 149. Moreover,
as discussed herein, Caballero's allegations against appellees were
supported by the evidence. We conclude that appellees have failed to
present grounds sufficient to vitiate the jury's verdict or to prevent
affirming the judgment had one been entered on the verdict. See Tex.
R. App. P. 38.2(b)(1); Tex. R. Civ. P. 324(c).

Conclusion


 We reverse the judgment of the trial court and render judgment in
accordance with the verdict that Caballero recover $83,000 for future
physical pain and mental anguish, $30,000 for "diminished capacity to
work and earn money in the past," $37,000 for past medical expenses,
and prejudgment and postjudgment interest. Prejudgment interest is
ordered on damages of $150,000 at the rate of ten percent simple
interest from August 7, 1991, the day suit was filed, through October
12, 1998, the day preceding the day judgment was rendered in the trial
court. Prejudgment interest comprises the amount of $107,753.43
(annual interest of $15,000 per year for seven years, equaling $105,000,
plus interest from August 7, 1998, through October 12, 1998, or 67/365
of $15,000, equaling $2,753.42). See Act of June 16, 1987, 70th Leg.,
1st C.S., ch. 3, §3(a), 1987 Tex. Gen. Laws 51, 52. Post-judgment
interest shall accrue on damages of $150,000 at the rate of ten percent
simple interest from October 13, 1998, the date of judgment, until the
day the judgment is satisfied. See id.




 

 ROBERT J. SEERDEN, Chief Justice



Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 21st day of December, 2000.