NUMBER 13-98-577-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


RAMIRO CABALLERO , Appellant,


v.


RUSSELL LICCIARDELLO AND SHARON LEA LICCIARDELLO, INDIVIDUALLY AND 

D/B/A SHARON LEA CONSTRUCTION , Appellees.

____________________________________________________________________


On appeal from the 92nd District Court

of Hidalgo County, Texas.

____________________________________________________________________



OPINION ON MOTION FOR REHEARING


Before Justices Dorsey, Rodriguez, and Seerden (1)

Opinion on Motion for Rehearing by Retired Chief Justice Seerden


We issued our original opinion in this case on December 21, 2000. Appellant, Ramiro Caballero, subsequently filed a
motion for rehearing. We grant appellant's motion for rehearing, withdraw our original opinion of December 21, 2000, and
substitute the following as the opinion of this Court. 

Appellant Ramiro Caballero filed suit against his employer, appellees Russell Licciardello and Sharon Lea Licciardello,
individually and d/b/a Sharon Lea Construction, a nonsubscriber under the Texas Workers' Compensation Act, for injuries
incurred in an on-the-job injury. After trial, the jury found that Caballero's injuries occurred during the course of his
employment and were proximately caused by the negligence of appellees. The jury awarded Caballero $83,000 for future
physical pain and mental anguish, $30,000 for "diminished capacity to work and earn money in the past," and $37,000 for
past medical expenses. 

Appellees filed a motion for judgment notwithstanding the verdict on the ground that Caballero failed to present expert
testimony regarding the applicable standard of care, consequently there was no evidence that appellees were negligent or
that their negligence, if any, caused Caballero's injuries. The trial court granted a judgment notwithstanding the verdict,
finding that there was "no evidence to support the verdict of the jury on the issue of negligence and that negligence of the
Defendants proximately caused injuries to Plaintiff."

Caballero appeals this take-nothing judgment by two issues. In his first issue, Caballero argues that the trial court erred in
granting a judgment notwithstanding the verdict because there was ample evidence to support the verdict. In his second
issue, Caballero contends that the need for adequate supervision at a construction site is a matter of general experience and
common sense, and therefore, expert testimony is not required to establish the standard of care or causation. We reverse
and render judgment in favor of Caballero.

Standard of Review


A trial court may disregard a jury's findings and grant a motion for judgment notwithstanding the verdict only when there is
no evidence upon which the jury could have made its findings. See Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227
(Tex. 1990). In other words, a trial court may render a judgment notwithstanding the verdict if a directed verdict would
have been proper. See Tex. R. Civ. P. 301; Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex.
1991). 

In reviewing a judgment notwithstanding the verdict, we determine whether there is any evidence upon which the jury
could have made its finding. The record is reviewed in the light most favorable to the finding, considering only the
evidence and inferences that support the finding and rejecting the evidence and inferences contrary to the finding. See
Brown v. Bank of Galveston, N.A., 963 S.W.2d 511, 513 (Tex. 1998); Navarette v. Temple Indep. Sch. Dist., 706 S.W.2d
308, 309 (Tex. 1986). If there is more than a scintilla of competent evidence to support the jury's finding, then the
judgment notwithstanding the verdict will be reversed. See Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640
(Tex. 1989).

Applicable Law


An employee of a workers' compensation nonsubscriber must establish that the employer was negligent in order to recover
for injuries sustained in the course of employment. See Werner v. Colwell, 909 S.W.2d 866, 868 (Tex. 1995). To establish
negligence, evidence must be produced to establish a duty, a breach of that duty, and damages proximately caused by the
breach. Id. 

An employer has a duty to its employees to use ordinary care in providing a safe workplace. Leitch v. Hornsby, 935
S.W.2d 114, 117 (Tex. 1996); Werner, 909 S.W.2d at 869. The employer's nondelegable and continuous duties to its
employees include: providing a safe place in which to work and to furnish reasonably safe instrumentalities, warning
employees of the hazards of their employment, and supervising their activities. Farley v. MM Cattle Co., 529 S.W.2d 751,
754 (Tex. 1975); see also National Convenience Stores v. Matherne, 987 S.W.2d 145, 149 (Tex.App.--Houston [14th Dist.]
1999, no pet.). The employer further has a duty to provide rules and regulations for the safety of employees and to select
careful and competent fellow servants. See Burk Royalty Co. v. Walls, 616 S.W.2d 911, 923-24 (Tex. 1981).

In his petition and at trial, Caballero asserted that appellees were negligent in: failing to provide him with a safe place to
work; failing to warn of the danger that exists when standing on a ceiling joist; creating a dangerous condition at the work
site; failing to adequately supervise the worksite and its employees; failing to properly instruct its employees on the proper
method of installing the ceiling joist; failing to warn that the ceiling joist had not been properly nailed or secured; and
failing to instruct its employees on how to adequately warn fellow employees of dangerous conditions created or existing
on the property.

Factual Background


Russell Licciardello, one of the owners of Sharon Lee Construction, had been working in Hidalgo County for twenty-two
years doing automotive body and fender work and home construction. Caballero, twenty-one years old at the time,
approached Licciardello for a job. Caballero and Licciardello knew each other from working at the same job sites. 
Caballero had previously worked installing carpets for a rug company for a period of nine to eleven months, and had no
other prior work experience. Licciardello hired Caballero as a carpenter's helper for one of his other employees. Although
Licciardello contended that Caballero told him he had carpentry experience, Caballero said that he told Licciardello that he
only knew how to install carpets, and denied ever telling Licciardello that he was a carpenter. Caballero testified that
Licciardello never advised Caballero of the risks he could encounter, nor instructed him regarding safety on the job.

Licciardello put Caballero to work on a home under construction, specifically instructing him to assist another employee in
applying sheeting to a garage. There were five or six other individuals working at the job site, some of whom were
subcontractors, and some of whom were also Licciardello's employees. Licciardello testified that all the other individuals
on site had much greater experience and had been working with him or for him for a much longer time than Caballero. 
Licciardello acknowledged that one of these individuals had a drinking problem. 

Caballero testified that he worked on the garage during his first day of work, and part of the following day. During the
second day, one of his coworkers directed him to work on the second floor of the house, and Caballero spent at least part of
the day on the second floor of the house, where they were installing ceiling joists. Caballero was reinforcing the walls to
raise them two to three feet higher around the perimeter of the house. 

Caballero continued this work on his third day of employment. While climbing down from the second floor for lunch,
Caballero stepped on a ceiling joist that had not been properly secured, and fell to the floor below. Caballero broke his jaw
and leg, requiring multiple surgeries, and also injured his back and arm.

Licciardello was not present at the time of the accident, having gone with his client to pick up materials for the house. 
Licciardello said that he was the only individual in charge at the work site, and that no one else had the authority to tell the
workers what to do, although he conceded that it was possible that another employee sent Caballero to work on the second
floor. Licciardello agreed that if he had had a supervisor on site, Caballero would not have been working on the second
floor. Licciardello further agreed that if he had been there, he would not have allowed Caballero on the second floor
because he was not experienced enough. Licciardello acknowledged that it was dangerous work.

Caballero testified that Licciardello visited the work site sporadically, but did not stay there throughout the workday. 
Caballero did not know if Licciardello ever saw him working on the second floor. Caballero testified Licciardello told him
after the accident that the employee who had sent Caballero to work on the second floor was "a drunk," and irresponsible. 

Analysis


Reviewing the record in the light most favorable to the jury's findings, we conclude that more than a scintilla of evidence
supported the jury's verdict. See Brown, 963 S.W.2d at 513; Southern States Transp., Inc., 774 S.W.2d at 640. Caballero,
an inexperienced worker, received no safety training or instruction. Licciardello admitted that he was the only individual in
charge, and that there was no one else on the site acting as a supervisor. Nevertheless, Licciardello was not present at the
worksite during the majority of the workday, and was absent at the time of the accident. Licciardello admitted that
Caballero would not have been allowed on the roof if he had been present because Caballero was not experienced enough
to work on the roof, and working on the roof was dangerous. The jury heard evidence indicating that Licciardello believed
that the coworker who directed Caballero to work on the second floor was "a drunk," and irresponsible. The evidence
adduced at trial showed that the ceiling joist was not properly secured, causing Caballero's fall. 

Although we agree with appellee's contention that some cases require expert testimony to establish a violation of the
standard of care, we do not believe the instant case required expert testimony because the alleged negligence was within the
common experience of the average layman. Compare Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982)(expert testimony
required in diagnosing skull fracture); with J. D. Abrams, Inc. v. McIver, 966 S.W.2d 87, 93 (Tex.App.--Houston [1st Dist.]
1998, pet. denied)(expert testimony not required to establish standard of care applicable to highway construction company).

The jury heard evidence that appellees failed to provide a safe place for Caballero to work, failed to warn Caballero of the
hazards of his employment, failed to supervise his activities, and failed to select careful and competent fellow servants. See
Farley, 529 S.W.2d at 754; Burk Royalty, 616 S.W.2d at 923-24;National Convenience Stores, 987 S.W.2d at 149. We
thus conclude that more than a scintilla of evidence supports the jury's findings in favor of Caballero, and accordingly
reverse the judgment notwithstanding the verdict. 

Cross Point


When a trial court has entered an erroneous judgment notwithstanding the verdict, the appellate court must reverse the trial
court's judgment and enter judgment in harmony with the verdict, unless the appellee presents, by cross-points, grounds
sufficient to vitiate the jury's verdict or to prevent affirming the judgment had one been entered on the verdict. See Tex. R.
App. P. 38.2(b)(1); Tex. R. Civ. P. 324(c); Miller v. Bock Laundry Mach. Co., 568 S.W.2d 648, 652 (Tex. 1977);
Henderson v. Central Power & Light Co., 977 S.W.2d 439, 446 (Tex.App.--Corpus Christi 1998, pet. denied). 

By cross-point, appellees argue that this case sounded in premises liability, and that Caballero should have pleaded and
proved a premises liability case and submitted it to the jury with appropriate instructions. We disagree with appellees'
contention that this case sounded solely in premises liability. 

Caballero elected to bring this action as a negligence case against his employer, and this cause of action was supported by
the facts and applicable law. Caballero, as an employee of a workers' compensation nonsubscriber, brought a negligence
cause of action against his employer for injuries sustained in the course of employment. Such a cause of action is clearly
established by Texas law. See Werner, 909 S.W.2d at 868; Farley, 529 S.W.2d at 754; Burk Royalty, 616 S.W.2d at
923-24; National Convenience Stores, 987 S.W.2d at 149. Moreover, as discussed herein, Caballero's allegations against
appellees were supported by the evidence. We conclude that appellees have failed to present grounds sufficient to vitiate
the jury's verdict or to prevent affirming the judgment had one been entered on the verdict. SeeTex. R. App. P. 38.2(b)(1);
Tex. R. Civ. P. 324(c).

Conclusion


We reverse the judgment of the trial court and render judgment in accordance with the verdict that Caballero recover
$83,000 for future physical pain and mental anguish, $30,000 for "diminished capacity to work and earn money in the
past," $37,000 for past medical expenses, and prejudgment and postjudgment interest. Prejudgment interest is ordered on
damages of $150,000 at the rate of ten percent simple interest from August 7, 1991, the day suit was filed, through October
12, 1998, the day preceding the day judgment was rendered in the trial court. Prejudgment interest comprises the amount
of $107,753.43 (annual interest of $15,000 per year for seven years, equaling $105,000, plus interest from August 7, 1998,
through October 12, 1998, or 67/365 of $15,000, equaling $2,753.42). See Act of June 16, 1987, 70th Leg., 1st C.S., ch. 3,
§3(a), 1987 Tex. Gen. Laws 51, 52. Post-judgment interest shall accrue on actual damages of $150,000 and prejudgment
interest of $107,753.43 at the rate of ten percent interest, compounded annually, from October 13, 1998, the date of
judgment, until the day the judgment is satisfied. See id.



ROBERT J. SEERDEN

Retired Chief Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion on Motion for Rehearing delivered 

and filed this 17th day of May, 2001.

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).