Benicio F. **CABRERA**, Appellant,

v.

**DELTA BRANDS, INC.,** Appellee.

No. 8340.

Court of Civil Appeals of Texas, Texarkana.

May 18, 1976.

Rehearing Denied July 27, 1976.

Leddie C. Taylor, McCracken, Smith, Shields & Taylor, Carrollton, for appellant.

Michael R. Cooper, Flagg, Cooper, Hayner, Miller, Long & Owen, Dallas, for appellee.

RAY, Justice.

This is a non-subscriber workman's compensation case. Appellant (plaintiff) Benicio F. Cabrera sued his employer, appellee (defendant) Delta Brands, Inc., for injuries which he sustained while attempting to move a heavy steel plate in appellee's manufacturing plant. Trial was to a jury and damages in the sum of $58,489.65 were awarded. Judgment was rendered by the trial court that appellant Cabrera take nothing following the hearing on appellee's motion for judgment notwithstanding the verdict. Cabrera has perfected his appeal and submits three points of error.

Appellant contends in his first point of error that the trial court erred in granting appellee's motion for judgment notwithstanding the verdict. The jury found that Delta Brands, Inc., was negligent in failing to post safety rules and regulations concerning the movement of steel objects and that such failure was a proximate cause of Cabrera's injuries.

■■■ It is a primary, continuing and non-delegable duty of the employer to provide a safe place and safe conditions in which his employees may work. Art. 5182a V.A.T.S. *Sloan v. Leger Mill Co.*, 161 S.W.2d 333 (Tex.Civ.App., Amarillo 1942, writ ref'd w. o. m.). As a part of that obligation, the employer must instruct his employees in the safe use and handling of the products and equipment used in and around the employer's plant or facilities. Ordinarily this is done orally at safety meetings with the employees and by posting rules and regulations governing the method of handling equipment, products, processes and situations which may cause injury to an employee. One of the reasons for placing this burden on the employer is because the employer usually has the greater knowledge or should have the greater knowledge of the dangers and risks of injury to the employee. Obviously, the employer is not bound to post rules in every instance. However, when the work is of a complex or hazardous nature the duty is upon the employer to instruct his employees in the safe management of the work. It should be done orally at safety meetings in order to determine that the employee fully understands the instructions. Then the rules should be posted in a conspicuous place at or near the work area as a reminder to the employee. If some of the employees would have difficulty reading the instructions in English, then the employer

should post the instructions in the language most familiar to the majority of those employees who have difficulty reading and understanding English.

In the instant case, Delta Brands, Inc., was engaged in the manufacturing of heavy industrial equipment and machines. Heavy sheets of steel are used in building and testing appellee's products. Appellant had worked for appellee from February of 1968 to the date of his injury in December of 1971. During that time he did various kinds of work for appellee including welding, cutting steel plates, assembling machinery and painting. Cabrera was a Cuban national who immigrated to the United States in 1967 and shortly thereafter went to work for appellee where he was employed until the time of his accident. He speaks only an insignificant amount of English, and an interpreter was required throughout the trial. On the date of appellant's injury, he was painting a heavy steel "run-out" table. While under the table painting, Cabrera tried to move a heavy metal plate that was obstructing a portion of the table being painted. The piece of metal lay under the table upon a crossbeam and appellant intended to move it from the crossbeam to the floor. During the process of trying to move the piece of metal weighing more than 100 pounds, appellant suffered a herniated spinal disc which later required an intervertebral laminectomy.

The evidence taken in the light most favorable to Cabrera reveals that appellant was never instructed on the procedure to move heavy sheets of metal. He had not received any oral instructions nor were there any written instructions posted at the plant regarding the method or procedure to be used in moving heavy objects. While appellee had acquired two hoists to be used in moving heavy metal objects, the hoists had never been installed. There were two forklifts in the plant, but the small forklift was not operative on the occasion and the larger forklift could not be moved into a position to move the piece of steel that Cabrera was trying to move. The testimony showed that while other employees

might have been available to help move the piece of metal, appellant was afraid to ask for help and the employees would have been afraid to have answered the call for help because of a plant policy of firing employees that got together for any purpose. Appellant expressed his fear that he would be fired from his job if he asked for help and some of his co-workers expressed the same fear. It was generally regarded that each man would do his own work without help or assistance from any of the other employees.

■ In a non-subscriber workman's compensation case assumption of risk and contributory negligence on the part of the employee are not defenses which can be urged by the employer. Art. 8306 V.A.T.S., Sec. 1.

■ Appellee relies on the rule stated in *Western Union Telegraph Co. v. Coker*, 146 Tex. 190, 204 S.W.2d 977 (1947):

> "The employer is not liable when he has provided help and injury results from the act of the employee in voluntarily proceeding to do the work without assistance. The same is true when sufficient help is nearby and available and the employee does the work alone without seeking or asking for assistance."

The rule has also been applied in *Jackson v. Marshall*, 243 S.W.2d 205 (Tex.Civ.App., Dallas 1951, no writ history) and *Shumake v. Great Atlantic & Pacific Tea Co.*, 255 S.W.2d 949 (Tex.Civ.App., Dallas 1953, writ ref'd, n. r. e.). In *Great Atlantic & Pacific Tea Co. v. Evans*, 142 Tex. 1, 175 S.W.2d 249 (1943), the Supreme Court held that an employee cannot complain if an employer merely requires an employee to do the usual and customary work required of persons in his line of employment, or required by the character of the business in which he was employed.

■ In the *Evans* case the Supreme Court set out the rules of law to be followed in testing the question of negligence vel non:

> "Negligence rests primarily upon two elements: (a) reason to anticipate injury,

and (b) failure to perform the duty arising on account of that anticipation.

"Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor."

Tested against the common experience of mankind, the totality of the evidence is sufficient to raise issues of fact as to negligence on the part of appellee under the peculiar circumstances of this case. The jury found negligence, but the trial court no doubt concluded that appellee owed no duty to Cabrera to instruct him in the safe handling of heavy metal objects by posting rules and regulations concerning the subject matter. There was testimony that no instructions were given and that no rules were posted. In *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934), the Supreme Court stated that the duty to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of their positions and employment was an absolute and nondelegable duty. "An ordinarily prudent person in the exercise of ordinary care might well have realized that there was danger in lifting a heavy object while bent over in an awkward position, and that the danger of injury would be increased by twisting the body around while conveying such an object." *J. Weingarten, Inc. v. Moore,* 441 S.W.2d 223 (Tex.Civ.App., Houston 1st Dist. 1969); affirmed by the Texas Supreme Court in *J. Weingarten, Inc. v. Moore,* 449 S.W.2d 452 (Tex.1970).

Under the facts of this case where the chain hoists were still packed in their original boxes and had been for a period of two years or more; where the only operable forklift could not be moved into position to lift the steel plate; and, where the employees were all fearful of losing their jobs if they asked for help, it was reasonably foreseeable by appellee that one person working alone moving a heavy steel object could be injured and therefore Delta Brands, Inc., had reason to anticipate an injury like the one suffered by Cabrera. There is sufficient evidence to charge appellee with a duty to instruct appellant as to the manner in which he could have moved the steel object safely; that it negligently failed to give him such instructions; and that this negligence was a proximate cause of appellant's injuries.

Appellant urges in his point of error No. 2 that the court erred in overruling his trial amendment filed and presented to the court after the verdict of the jury as it relates to damages. While we are convinced that the pleadings and the proof justified the jury in arriving at the amount of damages they awarded, appellant has not shown that the trial court abused its discretion in refusing to let him file a trial amendment after the jury verdict. There is no showing, either in the statement of facts or by bill of exception, of the circumstances attending the presentation of Cabrera's trial amendment. Upon the record before us, we must presume that the trial court acted upon proper grounds in denying leave to file the amendment. There was no trial by consent or waiver merely because the cumulative evidence on damages mathematically computed to a sum greater than that sought by appellant in his amended petition. Until the time Cabrera tendered his trial amendment and sought to further increase his claim for damages, the appellee was entitled to rely upon the maximum claim specified in Cabrera's amended petition. Appellant's second point of error is overruled. *Williams v. General Motors Corporation,* 501 S.W.2d 930 (Tex.Civ.App., Houston 1st Dist. 1973, writ ref'd n. r. e.).

We need not reach appellant's third point of error concerning whether or not appellant was entitled to have his motion for continuance granted in order to secure service of a subpoena duces tecum on Houston Maddox to obtain testimony related to an investigative report made by Maddox regarding safety in appellee's plant.

The judgment of the trial court is reversed and judgment is here rendered

that appellant recover from appellee the sums awarded by the jury limited by the specific sums alleged in appellant's Third Amended Original Petition which are as follows:

a. Physical pain and mental anguish in the past — $10,000.00

b. Physical pain and mental anguish which in reasonable probability he will suffer in the future — 5,000.00

c. Reasonable expenses of his necessary medical care in the past — 3,277.65

d. Reasonable expenses of his necessary medical care which in reasonable probability he will require in the future — 3,000.00

e. Loss of earnings in the past — 9,216.00

f. Loss of earning capacity, which, in reasonable probability he will sustain in the future — 14,976.00

for a total sum of $45,469.65.

Reversed and rendered.