I.M. WERNER, Trustee for the Eastex Meat Processing, Inc. Employee Benefit Trust, Karlo Werner, Individually, and Eastex Meat Processing, Inc., Petitioners,

v.

Dixie A. COLWELL, Respondent.

No. D–4260.

Supreme Court of Texas.

Argued Dec. 14, 1994.

Decided Aug. 1, 1995.

Rehearing Overruled Oct. 5, 1995.

John L. Dagley, Warren W. Harris, Houston, for petitioners.

Michael Thomas, Amy C. Thomas, Mexia, for respondent.

ENOCH, Justice, delivered the opinion of the Court on motion for rehearing, in which PHILLIPS, Chief Justice, and GONZALEZ, HECHT, CORNYN and OWEN, Justices, join.

We grant Dixie Colwell's motion for rehearing and withdraw our prior opinion and judgment. The following is now the opinion of the Court.

This is a personal injury suit brought by Dixie Colwell against Karlo Werner, in his capacity as her supervisor and co-worker, against Eastex Meat Processing, Inc., a nonsubscriber under the Texas Workers' Compensation Act, in its capacity as her employer, and I.M. Werner, in her individual capacity. The trial court rendered judgment on the jury verdict against Karlo Werner and Eastex for negligence, and further rendered judgment against I.M. Werner, reciting that she was liable in her capacity as trustee of the Eastex Meat Processing, Inc. Employee Benefit Trust. The court of appeals affirmed. 857 S.W.2d 75. Because Karlo Werner owed no duty to Colwell as a fellow employee, because Colwell failed to prove that Eastex did not provide a safe work environment, and because I.M. Werner was neither named nor served in her capacity as trustee of the benefit plan, we reverse the judgment of the court of appeals and remand the cause for new trial.

## I.

Karlo and I.M. Werner, as the sole shareholders of Eastex, created a trust to administer a private employee benefit plan obtained through Gulf States Underwriters, Inc. There is evidence that the Werners intended that the plan would compensate Eastex employees in the event they were injured in the course of their employment. I.M. Werner testified that she understood they were purchasing a standard workers' compensation insurance policy. The evidence establishes as a matter of law, however, that the benefit

plan was inadequate to qualify for subscriber status under the effective Texas workers' compensation statutes.

Colwell, an employee of Eastex, suffered a back injury while loading a bag of meat into a customer's truck. This initial injury occurred on a Saturday morning after I.M. Werner had taken Karlo Werner home from work because he was intoxicated. Some eleven days later Colwell aggravated the injury when she and Karlo Werner had a particularly heavy work day involving heavy lifting. She then sued the Werners, in their individual capacities, and Eastex, alleging negligence. Colwell did not name as a party either the Employee Benefit Plan or I.M. Werner as trustee of that plan.

There were no objections to the four questions asked of the jury. The jury found (1) that Colwell was "injured while actually engaged in her employment with the Defendants" on the date of the first injury, and (2) that Colwell was "totally disabled" as defined in the Gulf States certificate of reinsurance. The jury further found (3) that Karlo Werner and Eastex were negligent in causing Colwell's injury, and (4) that her damages were $298,000. The trial court rendered judgment on the jury verdict for Colwell against Karlo Werner and Eastex for damages of $298,000.

The court also rendered judgment against I.M. Werner, in her capacity as trustee of the benefit plan, for past benefits, future medical expenses, and weekly benefits until the benefits received by Colwell reached the maximum payable under the plan of $250,000. This portion of the judgment does not reference any jury finding. Rather, the judgment recites that the "Court finds that I.M. WERNER appeared and testified, both individually and as Trustee for the EASTEX MEAT PROCESSING, INC. Employee Benefit Trust, No. T–343/250."

## II.

Karlo Werner contests the judgment of the court of appeals on three grounds: that as a fellow employee, he owed no duty to Colwell;

that there is no evidence of negligence proximately causing injury to Colwell; and that any negligence by Eastex, the corporate employer, may not be imputed to him because no alter ego or corporate veil issues were tried.

■ We have held that co-workers may sue each other for injuries inflicted upon each other in their common employment, resulting from personal negligence, even though an action would not lie against their employer when an employee breaches an independent duty of care owed to fellow employees. *Fort Worth & D.C. Ry. Co. v. Mackney,* 83 Tex. 410, 18 S.W. 949, 952 (1892). For example, our holding in *Mackney* was based, in part, upon a railroad engineer's negligent failure to keep a proper lookout, which resulted in a collision with an oncoming train and injuries to his fellow employees. *Id.* at 952. Likewise, there is an independent duty the breach of which is personal negligence if a fellow employee fails to drive an automobile or other vehicle in a reasonably safe and prudent manner, causing injury to third parties or a fellow employee. *LeSage v. Pryor,* 137 Tex. 455, 154 S.W.2d 446, 448 (1941).

■ As alleged and proven by Colwell, however, Karlo Werner's only failure was failing to remain on the job on the date of Colwell's injury. Colwell does not cite, nor have we found, any authority turning such a failure into a duty between co-workers. We hold that an employee does not owe a duty to his fellow employee to remain on the job.

## III.

■ Because Eastex is a workers' compensation nonsubscriber, Colwell must establish negligence by Eastex in order to recover. *Sears, Roebuck & Co. v. Robinson,* 154 Tex. 336, 280 S.W.2d 238, 239 (1955). Colwell alleges that she was injured due to Eastex's negligence in allowing her and a co-worker to load meat without the help of Karlo Werner on October 8, 1988. Eastex moved for new trial based on the absence of any evidence

establishing negligence. *See Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821, 822 (Tex.1985) (holding that no evidence points of error are preserved by a motion for new trial). Colwell's claim fails because the evidence is legally insufficient to establish negligence by Eastex.

■ In order to establish negligence, evidence must be produced to establish a duty, a breach of that duty, and damages proximately caused by the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex. 1987). Although an employer is not an insurer of his employees' safety at work, an employer does have a duty to use ordinary care in providing a safe work place. *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex.1993). This duty includes an obligation to provide adequate help under the circumstances for the performance of required work. *Western Union Tel. Co. v. Coker,* 146 Tex. 190, 204 S.W.2d 977, 978 (1947). Colwell claims that Eastex breached this duty by requiring her and a co-worker to load meat without additional help. As plaintiff, Colwell bears the burden of presenting legally sufficient evidence that Eastex required Colwell and her co-worker to load meat where a reasonably prudent employer would not have done so.

According to all the witnesses, Colwell and other employees would occasionally participate in loading meat. While Karlo Werner normally did the loading, Colwell and others often helped. This was not the first time that Werner was not present when meat was loaded. Werner testified that when he was out on a delivery the other employees would be required to load meat. The question here is not whether Werner should have been at work, or whether Colwell should have been required to load meat, but whether Eastex required Colwell and Lillie Hunter to load meat when they were an inadequate work force. Colwell in essence argues that one man was sufficient to load meat but that two women were not, without presenting any evidence regarding the physical ability of these women or of Karlo Werner. There is no evidence that two employees constituted an inadequate work force to do the required loading.

■ In *Great Atlantic & Pac. Tea Co. v. Evans,* 142 Tex. 1, 175 S.W.2d 249, 250 (1943), a grocery clerk injured himself while carrying a 100 pound sack of potatoes. We held that when the employee was doing the same character of work that he had always done and that other employees in other stores were required to do, there was no negligence. When there is no evidence that the lifting involved is unusual or poses a threat of injury, plaintiff has failed to establish a prima facie case. *See Cabrera v. Delta Brands, Inc.,* 538 S.W.2d 795, 798–99 (Tex. Civ.App.—Texarkana 1976, writ ref'd n.r.e.) (finding negligence because common experience shows that attempting to move a metal object weighing over 100 pounds while in an awkward position poses a grave risk of injury).

In the present case, however, there was no testimony regarding the threat of injury to Colwell from lifting these bags of meat. Dr. LaPerriere, an expert for Colwell, simply stated that lifting objects is a common cause of back injury. The doctor did not differentiate the risk of injury from lifting a large rump roast, a bag of frozen meat or an entire side of beef. Such a broad generalization is no evidence that Colwell's activities on October 8 involved an increased risk of injury.

■ We emphasize that Colwell's only theory of negligence was that Eastex failed to provide an adequate work force. To the extent other duties are implicated by the facts they have not been pleaded or proved and cannot sustain the judgment. Because Colwell did not present any legally sufficient evidence regarding the adequacy of the work force on the date of her injury, the judgment of the court of appeals must be reversed.

## IV.

■ Judgment shall not be rendered against one who was neither named nor served as a party defendant. Tex.R.Civ.P. 124. An exception exists when a person

waives service by making a general appearance before the court. *Bates v. Smith,* 155 Tex. 443, 289 S.W.2d 215, 216 (1956)(citing *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918)); *see* Tex.R.Civ.P. 120, 124. Colwell argues that I.M. Werner appeared, participated in and testified at the trial, and thereby made a general appearance in her capacity as trustee. At trial during I.M. Werner's testimony, Colwell's counsel asked her (or her counsel) to admit or stipulate that she was appearing in her capacity as trustee. I.M. Werner denied that she was appearing as trustee, and I.M. Werner's counsel objected to the questions, stating that her appearance was only in an individual capacity because she had not been served or sued as trustee. Some questions produced inconsistent answers about whether I.M. Werner was testifying as trustee or in her individual capacity, and there is no question that she testified as to her duties as trustee. Yet we have never held and decline to hold today, that merely appearing as a witness in a cause serves as a general appearance, subjecting one to the jurisdiction of the court. *Cf. St. Louis v. Hale,* 206 S.W. at 75 (holding that an appearance without objection waives service of citation).

■ Colwell further argues that the plan was not a separate entity. She claims that even though the Werners set up a separate checking account and purchased what she characterizes as a third-party beneficiary insurance contract from the fund, the fund is not a separate "entity" under applicable state law. The trial court judgment, however, was very specific in identifying the plan and the Gulf States reinsurance policy subject to the judgment. The plan qualifies as an "employee benefit plan" under the Employee Retirement Income and Security Act of 1974 (ERISA). *See* 29 U.S.C. § 1002(1). At no point in all these proceedings did Colwell claim it was not a "benefit plan" under the federal act. Under applicable federal law, the employee benefit plan is an "entity" for

which the federal scheme contemplates service "upon a trustee or an administrator . . . in his capacity as such." *Id.* § 1132(d). We hold that in order to bind the benefit plan, Colwell was required to serve I.M. Werner in her capacity as trustee.

■ Colwell argues that I.M. Werner waived any complaint regarding the capacity in which she was sued because she failed to file a verified denial. *See* Tex.R.Civ.P. 93. The failure to file such a denial does waive any complaint of a judgment rendered in the capacity in which the party was sued. *W.O.S. Constr. Co., Inc. v. Hanyard,* 684 S.W.2d 675, 676 (Tex.1985). However, it does not allow the court to render judgment against the party in a capacity in which she was not sued. Nowhere in her operative pleading does Colwell allege that I.M. Werner was liable in her capacity as trustee. Unless waived by a general appearance a court cannot confer a capacity on the party that has not been pleaded.

■ Because I.M. Werner *as trustee* was not named as a party to the suit, was not served process, and did not make a general appearance before the court in her capacity as trustee of the benefit plan, the judgment rendered against her as trustee was improper.

\* \* \* \* \* \*

■ For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause for new trial.[1]

GAMMAGE, Justice, concurring and dissenting on motion for rehearing, joined by HIGHTOWER and SPECTOR, Justices.

GAMMAGE, Justice.

I concur in the other parts of the majority opinion on rehearing, but I cannot agree with the conclusion in Part III that the employer is not liable. I consequently dissent to that part of the opinion. Colwell should recover on the jury verdict against Eastex.

---

[1] Despite the fact that there is no evidence to support the verdict, we can only remand for new trial because Eastex did not request rendition of judgment in the trial court. *See Horrocks v. Texas Dept. of Transportation,* 852 S.W.2d 498, 499 (Tex.1993)(per curiam).

At the outset let me say I find some statements in the majority opinion confusing and unsupported. The majority asserts that negligence theories other than Eastex's failure to provide an adequate work force were not supported by the pleadings or the facts. But, regarding Eastex's liability as Colwell's employer, every theory that finds *any* support in the evidence is before this court, as it was before the trial court.

Although there were specific pleadings asserting insurance theories of recovery, those do not affect the broad negligence theory pleaded against Eastex, Karlo Werner and I.M. Werner. This pleading was in the broadest possible terms of "negligence" which "proximately caused" harm. No special exceptions were ever made to this broad negligence pleading. In these circumstances this court is compelled to liberally construe the pleading to support the jury verdict based on *any* type of negligence that has support in the evidence. *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513, 515 (1941). The majority may not pick "inadequate workforce" as the sole negligence theory it assumes was intended and ignore the rest. The court may not properly conclude "that Colwell's only theory of negligence was that Eastex failed to provide an adequate work force." 909 S.W.2d at 869.

Moreover, the majority ignores the standard for our review of no evidence points. This court must review the whole record for evidence and reasonable inferences from that evidence to support the jury verdict, and disregard the rest. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Eastex failed to assert *any* objection to the jury charge and broad questions the court submitted, and to which the jury answered Eastex was negligent and proximately caused Colwell damages of $298,000. There is no limitation whatsoever in this submission.

On appeal Eastex contends there is no evidence of negligence. It offers two arguments under this point—that there was no evidence of breach of a duty, and no evidence of proximate cause because there was no evidence of foreseeability.

As a medical expert Dr. LaPerrierre testified that back injuries are commonly caused in the workplace by lifting and handling heavy weights. The physician further testified that he did the pre-employment screening and physicals for many companies in the area, and that Colwell's back injury from the lifting incident would disqualify her from employment with these other employers. The reasonable inference from his testimony is that employers in the area knew or should have known of the danger of such injuries to their employees doing moderate to heavy lifting. Certainly the danger of lifting 60 to 100 pound slabs of meat as a job duty is reasonably inferable from his testimony. Ironically, the majority cites *Cabrera v. Delta Brands*, a case in which the jury was allowed to conclude from common experience that lifting a hundred-pound weight just once was a dangerous condition for one's job.

There is also extensive testimony describing how Eastex employees went about their lifting duties. In the presence of their supervisor Karlo Werner or his wife, and therefore with employer knowledge, they lifted the heavy meat by hand. They did not use back braces or mechanical devices to aid the heavy lifting. Karlo Werner testified this was the "usual" way for them "to do the loading" and that "it was not unusual for everyone to help load the truck" then "because there were hard economical times." The jury could draw the reasonable inference that Eastex declined to provide back braces or mechanical aids for lifting to save costs. Contrary to the majority's inference *against* the jury verdict, I believe the jury could properly conclude from Karlo's testimony that he and other male employees customarily did the heavy lifting of the 60 to 100 pound big slabs of meat, that such lifting was a strain and danger to Colwell and her female co-worker, and that the jury could reach these conclusions without further express testimony about how much each of the women weighed, or could lift, or whatever other unreasonable requirements the majority now places on

such injured workers to establish their claims.

Eastex as the employer, the majority concedes, had the duty to provide a safe workplace. *Western Union Telegraph Co. v. Coker,* 146 Tex. 190, 204 S.W.2d 977, 978 (1947). Heavy lifting of sixty pounds or more was commonplace and a job duty of Colwell and other employees. It was foreseeable that this job environment, without protective measures for heavy lifting, could cause back injury such as that suffered by Colwell. The jury was entitled to draw this reasonable inference.

Reliance on the *Great Atlantic* case is misplaced. That the lifting was part of the "normal" job duties should not excuse the employer. Otherwise, all an employer would have to do to avoid liability for known dangers would be to make any task part of the "usual" job duties. By simply defining it as part of the job for the employee to expose herself to a known danger, according to the majority, the employer is relieved from all responsibility. Especially with respect to back injuries, it is clear employers in Texas have not escaped liability on such a theory for many years. *See, e.g., Exxon Corp. v. Roberts,* 724 S.W.2d 863, 867 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.); *Cabrera v. Delta Brands, Inc.,* 538 S.W.2d 795 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.). The *Great Atlantic* case should appropriately be read as holding that when there is no evidence that the lifting involved poses a threat of injury, then the plaintiff has failed to establish a prima facie case. *See Western Union v. Coker,* 204 S.W.2d at 978. This court should not relegate reasonable inferences and common knowledge about back injuries to what they were held to be before the 1920s.

Karlo testified it was his job duty to do the heavy lifting. On the accident date Karlo became intoxicated and left Eastex before lunch. He took this action, at his wife's insistence, even though he knew that a large order of meat was to be picked up that day. He further knew that, once he left, there would be no one on duty who customarily did the heavy lifting to help the women lift the meat order onto the truck. It was reasonably foreseeable that Colwell or her female co-worker could be injured while moving the heavy order. *See Cabrera v. Delta Brands,* 538 S.W.2d at 799. Karlo, as the employer's agent, could reasonably foresee and had reason to anticipate an injury suffered by Colwell as a result of loading the meat. *See Id.* As supervisor, Karlo's actions affecting the safety of the workplace were those of Eastex. Eastex's negligence with respect to the safety of the work environment rests essentially upon its reasonable anticipation of Colwell's injury and Eastex's failure to perform the duty arising because of that anticipation, and not on some abstract "inadequate workforce" theory. *See Id.* In my view there was legally sufficient evidence to support the jury's finding that Eastex's negligence proximately caused Colwell's injury.

For these reasons I dissent to Part III of the majority's opinion.