Reversed and Remanded and Opinion filed October 7, 2003









Reversed and Remanded and Opinion filed October 7,
2003.                       

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00263-CV

____________

 

STEPHEN ADAMS, Appellant

 

V.

 

REYNOLDS TILE AND FLOORING, INC., Appellee

 



 

On Appeal from the County Civil Court at Law
No. 3

Harris County, Texas

Trial Court Cause No. 758,313

 



 

O
P I N I O N








Stephen
Adams, plaintiff in the court below, contends he sustained a serious back
injury while working for Reynolds Tile and Flooring, Inc.  Adams sued Reynolds for damages allegedly
sustained as a proximate cause of Reynolds=s negligent failure to: (1) provide
a safe work environment, (2) provide adequate assistance, (3) provide adequate
safety equipment, and (4) adequately supervise its employees.  Adams also sued Reynolds for breach of
contract and Insurance Code violations stemming from its erroneous
representation to Adams that it was a subscriber of a Texas Worker=s
Compensation Insurance Policy.  The trial
court granted Reynolds=s motion for summary judgment in its
entirety and ordered that Adams take nothing on his claims.  Adams appeals from the summary judgment.  We reverse and remand the judgment of the
trial court.

Negligence,
Proximate Cause, and Foreseeability

In
his first issue, Adams contends Reynolds did not establish, as a matter of law,
that his injuries were unforeseeable. 
The summary judgment record shows that Adams was employed by Reynolds to
Apull@
warehouse orders and be a delivery driver. 
His duties included loading and unloading trucks at Reynolds=s
warehouse.  Ordinarily, a coworker would
clear the aisles of the warehouse each morning by moving tiles, cement, and
other flooring materials outside the warehouse. 
However, on the morning of September 7, 1999, Adams alleges they were
flooded with customers waiting to pick up flooring materials.  The aisles of the warehouse had not yet been
cleared, and he attempted to retrieve a 90-pound bag of cement stored beneath a
storage rack.  Because he was bent over
beneath the storage rack, he injured a disk in his lower spine that ultimately
required surgery.

At
common law, an employer is not an insurer of its employee=s
safety.  Exxon Corp. v. Tidwell,
867 S.W.2d 19, 21 (Tex. 1993).  Thus, an
employer who is a nonsubscriber to workers= compensation owes only a duty of
ordinary care to provide a safe workplace for its employees.  Id. 
Accordingly, the injured employee must establish negligence in order to
recover.  Werner v. Colwell, 909
S.W.2d 866, 868 (Tex. 1995).  The
elements of a negligence cause of action are a duty, a breach of that duty, and
damages proximately caused by the breach of duty.  Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 477 (Tex. 1995).  Under
Texas law, proximate cause consists of two elements, which are cause in fact
and foreseeability.  Id.  Reynolds argued in its motion for summary
judgment that Adams=s injury was not foreseeable because
he had been routinely lifting bags of cement for several months without injury.








 Reynolds did not state in its motion for
summary judgment whether it was seeking a traditional summary judgment or a
no-evidence summary judgment.  Compare
Tex. R. Civ. P. 166a(c), with
Tex. R. Civ. P. 166a(i).  The two forms of summary judgment are
distinct and invoke different standards of review.  Lavaca Bay Autoworld, L.L.C. v. Marshall
Pontiac Buick Oldsmobile, 103 S.W.3d 650, 653 (Tex. App.CCorpus
Christi 2003, no pet. h.).  Because Adams
received no notice that Reynolds was seeking a no-evidence motion for summary
judgment, we presume it sought a traditional summary judgment.  See Michael v. Dyke, 41 S.W.3d 746,
750 (Tex. App.CCorpus Christi 2001, no pet. )
(holding where summary judgment motion does not unambiguously state it is filed
under Rule 166a(i) and does not strictly comply with the requirements of that
rule, it will be construed as a traditional summary judgment motion).

In
a traditional motion for summary judgment, the movant has the burden of showing
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true.  Id.  Every reasonable inference must be indulged
in favor of the nonmovant, and any doubts must be resolved in favor of the
nonmovant.  Id.

Reynolds
motion for summary judgment is supported by selected portions of Adams=s
deposition testimony wherein he said: (1) he routinely lifted 20 to 30 bags of
cement each day, (2) Reynolds provided two forklifts and a hand truck for
lifting heavy items, (3) he never asked for additional equipment to assist him
in his lifting, (4) he never told anyone the bags were too heavy for him to
lift, (5) he never asked for any assistance in moving bags of cement, and (6)
although Reynolds did not provide safety training, he was aware of the proper
way to lift heavy objects.








In
his response to Reynolds=s motion for summary judgment, Adams
included all of his deposition testimony. 
During his deposition, Adams explained that Reynolds=s
flooring materials were stored on racks in a warehouse where they could be
loaded and unloaded with a forklift. 
However, the warehouse was too small to house all the materials and many
supplies were placed in the aisles between the racks.  Every morning, Adams and his supervisor would
fill customer orders from the supplies on hand in the warehouse.  To facilitate access to the materials, Adams=s
supervisor would move all the supplies in the aisles to open areas outside the
warehouse before customers began to arrive. 
For whatever reason, the day Adams was injured, the flooring supplies
stored in the warehouse aisles had not been moved outside.  This slowed the process of filling orders and
customers were growing impatient.  One
customer needed a bag of cement.  Because
Reynolds=s
inventory of cement was low, only two bags remained in the warehouse.  These two bags were on the floor beneath a
rack.  However, the aisle was filled with
other merchandise, making it impossible to access them with a forklift or hand
truck.  Hurried by the press of business,
Adams slid behind the merchandise stored in the aisle and crouched or Aduck-walked@
beneath the overhanging rack.  Because
the circumstances forced him into an awkward position, he was unable to assume
the proper posture before lifting the cement. 
It was at this moment that Adams allegedly injured his back.

Adams
also testified that he received no safety training from Reynolds, was not
provided with a lifting belt, and his supervisor was busy helping other
customers at the time of his injury.

The
foreseeability of a back injury in connection with regular lifting of heavy
objects is judged by a reasonable person standard.  Leitch v. Hornsby, 935 S.W.2d 114, 119
(Tex. 1996).  Where a Astrong,
robust young man@ was injured while lifting 100-pound
sacks of potatoes, the Texas Supreme Court held the employer was not negligent
as a matter of law because the employee Awas merely required to perform work
that he had been doing for this same employer for several months.@  Great Atlantic & Pacific Tea Co. v.
Evans, 175 S.W.2d 249, 251 (Tex. 1943). 
In other words, the plaintiff could not complain where his employer Amerely
required him to do the usual and customary work required of persons in his line
of employment, or, stated in another way, required by the character of the
business in which he was employed.@ 
Id.  Accordingly, the court
held the injury was not foreseeable.  Id.








More
recently, the Texas Supreme Court has reaffirmed that when Athere
is no evidence that the lifting involved is unusual or poses a threat of
injury,@
the plaintiff fails, as a matter of law, to establish a prima facie case of
negligence.  See Werner, 909
S.W.2d at 869.  However, the court cited
with approval a decision of the Texarkana court of appeals distinguishing this
general proposition of law.  See id.  In Cabrera v. Delta Brands, Inc., the
court of appeals held a fact issue was raised regarding the employer=s
negligence when the employee herniated a spinal disk attempting to lift a
100-pound steel plate while awkwardly positioned under a heavy steel Arun-out@
table.  538 S.W.2d 795, 798B99
(Tex. Civ. App.CTexarkana 1976, writ ref=d
n.r.e.).

Reynolds
asserts that even if Adams was injured while attempting to lift a bag of cement
in an awkward position, no negligence exists if he could have asked for
assistance and failed to do so.  An
employer has Aan obligation to provide adequate
help under the circumstances for the performance of required work.@  Werner, 909 S.W.2d at 869.   The employer is not liable, however, when
help has been provided and an injury results from the actions of the employee
who voluntarily proceeds to do the work without assistance.  Western Union Tel. Co. v. Coker, 204
S.W.2d 977, 979 (Tex. 1947).

Adams
testified that only he and his supervisor filled customer orders.  When deposed by Reynolds=s
counsel, Adams described the situation as follows:

Q.  So for these
pallets in this awkward location, you would usually use the forklift to get them
out?

A.  Yes.  If there wasn=t nothing there for us to obstruct the driveway, right.

Q.  And how many
bags long is the pallet?

A.  Probably two
bags left back there.

Q.  And why couldn=t you use the forklift at that time?

A.  Well, because
Jose [the supervisor] was already using it, running orders out and stuff, you
know.  Like I say, he usually will take
everything out of there, put it outside, so there=s nothing in the aisleways to keep us from getting orders
out in a hurry.








But that morning there was so many people there pulling
orders, and they were rushing us to come on and get them, so we got to go down
between that pallet like that, and then I had to crawl under there or squat
under there and get that bag out from under there, because the driver needed
another bag.  (Indicating.)

Q.  What was
obstructing you behind you?

A.  The pallets on
the floor with all the stuff on it, yes sir.

Q.  So there was
still pallets that Jose had not cleared out yet?

A.  Right,
right.  He hadn=t had time to put any of it out there for us.

Q.  And they were
full pallets?

A.  Yeah.  It was just miscellaneous tile stacked maybe
this high.  . . .

*  *  *

Q.  . . . Did Jose
make any request of you?

A.  Other than to
go get that cement and told me to get this order out.  That=s all.

Q.  Did he say, AWhy don=t you wait until I get the forklift@ or ALet me help you@ or ADrag it out here first@ or C

A.  No, sir.  There was too much going on that morning.

*  *  *

Q.  Okay.  Your petition also says that you were not
adequately supervised.  What other
supervision could have stopped you from sustaining that injury that you can
think of?

A.  Actually, sir,
it justCI
don=t
know.  Maybe if the warehouse wasn=t so small and so cluttered up.  Just too much was there.  Stuff had been there from way back.  There was just too much junk in the aisleways
all the time.

Q.  I think that
would be more of an environment, but how about supervision?








A.  Okay. 
Well, I don=t know, sir.  Like I say, there was just two of us trying
to pull orders.  So, you know, how much
supervision can one man give, one over here and over here.  And we got 30 contractors in line waiting to
get out to these job sites.  And Randy
and Gary and everybody else are on us about getting the orders out in a hurry,
so, you know.

We
find from the summary judgment record that there are fact issues regarding (1)
whether Adams was injured while engaged in Ausual@ lifting and (2) whether adequate
help was available to Adams at the time of his injury.  Accordingly, his first and second issues are
sustained.

Breach
of Contract and Insurance Code Claims

In
his third and fourth issues, Adams contends the trial court erred in granting
summary judgment on his breach of contract and Insurance Code claims.  Reynolds moved for summary judgment on Adams=s
contract and Insurance Code claims citing Werner and arguing solely that
it is Anot
an insurer of its employee=s safety at work.@  We are at a loss to understand how this
argument relates or responds to Adams=s breach of contract and Insurance
Code claims.  The trial court, however,
granted summary judgment without specifying the grounds for its decision, and
we must, therefore, address all of the possible grounds upon which the trial
court might have based its ruling.

In
his response to Reynolds=s motion for summary judgment, Adams
attached one page from Reynolds=s employee handbook that states, in
part:

Eligible employees at RTF are provided a wide range of
benefits.  A number of the programs (such
as Social Security, workers= compensation, state
unemployment insurance) cover all employees in the manner prescribed by law.

Benefits
eligibility is dependent upon a variety of factors, including employee
classification.  Your supervisor can
identify the programs for which you are eligible.  Details of many of these programs can be
found elsewhere in the employee handbook.

(emphasis added).  Adams also attached the following affidavit
at the conclusion of his response:








BEFORE ME, the undersigned authority, on this date
personally appeared Stephen Adams who being by me the [sic] first duly sworn
upon oath deposes and says:

I have read the response to summary judgment and the
statements therein are all true. 
Furthermore, I have been told by my treating physicians that the injury
I suffered to my back while working at Reynolds Tile and Flooring, Inc. could
require additional medical treatment in the future, including the possibility
of a surgery.  I have no means to pay for
treatments, and I feel that I was lied to by Reynolds Tile and Flooring, Inc.
concerning what employee benefits they had in place, specifically, as to their
failure to have a Texas Workmen=s Compensation insurance policy.

/s/ Stephen
Adams

SWORN
TO AND SUBSCRIBED BEFORE ME by Stephen Adams, on this November 4, 2002 to
certify which witness my hand and seal of office.

It
is undisputed that Reynolds was not a subscriber to workers=
compensation.  Accordingly, Adams asserts
that Reynolds has contractually assumed the responsibility of providing all the
benefits to which Adams would have been entitled if Reynolds had been a
subscriber to workers= compensation.  In the alternative, Adams argues that he is
entitled to damages under the Texas Insurance Code for an unconscionable
misrepresentation.  See Tex. Ins. Code Ann. art. 21.21 (Vernon
1981 & Supp. 2003).








Reynolds
responds on appeal by attaching a complete copy of its employee handbook as an
exhibit to its appellate brief.  Reynolds
cites us to provisions of the handbook containing disclaimers asserting that
the handbook is subject to change and that it is not a contract of
employment.  However, the attachment of
documents as exhibits or appendices to briefs does not constitute formal
inclusion in the record on appeal and, therefore, the portions of the employee
handbook that are not a part of our record cannot be considered.  See Nguyen v. Intertex, Inc., 93
S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  Moreover, this argument was not
presented to the trial court, and, therefore, we may not consider it on appeal.  See City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 676 (Tex. 1979) (holding that issues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal). 
In its motion for summary judgment, Reynolds argued it was entitled to
summary judgment on the breach of contract and Insurance Code claims because
(1) Aan
employer is not an insurer of its employee=s safety and there can be no breach
of contract recovery against a nonsubscribing defendant,@
and (2) it Ahad no obligation under the law
which would bring it under the provisions of Article 21.21.@  In its reply to Adams=s
response to Reynolds=s motion for summary judgment,
Reynolds also argued that (1) Adams=s affidavit was defective for
failing to aver to the truth of the purported facts stated therein, and (2) it
was contradicted by his deposition testimony.








An
affidavit that does not positively and unqualifiedly represent the facts as
disclosed in the affidavit to be true and within the affiant=s
personal knowledge is legally invalid.  Humphreys
v. Caldwell, 888 S.W.2d 469, 470 (Tex.1994).  Here, Adams avers that the statements in his
response to Reynolds=s motion for summary judgment are
true (but not necessarily within his personal knowledge).  Moreover, Adams=s Afeeling@
that he had been lied to is in the nature of a legal conclusion and unsupported
by the necessary factual specificity to permit perjury to be assigned upon
it.  See Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984).  However,
without deciding the validity of Adams=s affidavit in support of his
response to Reynolds=s motion for summary judgment, we
observe that in a traditional motion for summary judgment, the movant has the
burden of showing that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law. 
Grinnell, 951 S.W.2d at 425. 
Here, Reynolds has failed to negate any element of Adams=s
breach of contract and Insurance Code claims. 
Likewise, Reynolds also failed to show by undisputed evidence that it
has an affirmative defense to any of these claims.  While we note that Adams gave deposition
testimony to the effect that worker=s compensation coverage was not
discussed in his employment interview, this fact does not mean a contract of
employment was not thereafter formed in which worker=s
compensation coverage was part of the consideration promised by Reynolds.[1]

Under this record, we find the trial court erred in
granting summary judgment on Adams=s contract and Insurance Code
claims.  Were we deciding a no-evidence
motion for summary judgment under Rule 166a(i), we might well reach a different
result.  The function of summary judgment
is not to deprive litigants of the right to trial by jury, but to eliminate
patently unmeritorious claims and defenses. 
Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.
1952).  Here, there is not sufficient
evidence in the summary judgment record for us to conclude, one way or the
other, whether Adams=s claims are meritorious.  Under these circumstances, we must find the
movant failed to satisfy his burden. 
Adams=s third and fourth issues are
sustained.

Accordingly,
the judgment of the trial court is reversed and the cause is remanded to the
trial court for further proceedings consistent with this opinion.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

Judgment rendered and Opinion filed
October 7, 2003.

Panel consists of Justices Hudson,
Fowler, and Frost.











[1]  Adams gave the following deposition testimony:

Q.  When you were hired on, in your conversation
with Jose or Randy, did anyone ever tell you if Reynolds Tile carried Workers= Compensation or not?

A.  No, sir, they didn=t tell me.

Q.  Did you ever ask?

A.  No, I didn=t ask.