**Cheol Mo JEA, Appellant,**

v.

**Sam J. CHO and Mi Rea Cho d/b/a Sams Food Store, Appellees.**

**No. 14–04–00015–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 2005.

Rehearing Overruled Jan. 26, 2006.

---

Ashish Mahendru, Houston, for appellant.

H. Dwayne Newton, Anthony Edward Spaeth, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this personal injury case, Cheol Mo Jea appeals from a judgment notwithstanding the verdict ("JNOV") on the grounds that: (1) appellees had a duty to provide a safe work place as a matter of law; (2) there was more than a scintilla of evidence showing appellees' negligent acts were a cause in fact of Jea's injuries; and (3) there was more than a scintilla of evidence supporting the requisite conduct of a convenience store owner of ordinary pru-

dence in the same or similar circumstances. We affirm.

After being shot during a robbery while working at Sam's Food Store, Jea filed suit against its owners, Sam J. Cho and Mi Rea Cho d/b/a Sam's Food Store (collectively, the "store"), asserting a negligence claim.[1] The jury returned a verdict favorable to Jea, but the trial court granted the store's motion for JNOV based, in part, on the ground that there was no evidence of proximate cause, and entered a take-nothing judgment.

█ As relevant to this appeal, a JNOV should be entered when the evidence offered to prove a vital fact is no more than a scintilla. *City of Keller v. Wilson*, 168 S.W.3d 802, 810, 823 (Tex.2005). We thus review a JNOV under a legal sufficiency standard, viewing the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 807.

Jea's second, third, and fourth issues contend that he presented more than a scintilla of evidence to show that the following negligent acts by the store, in failing to provide a safe workplace, were the cause in fact of his injuries: (1) failing to provide Jea a key to lock the front door from inside the store; (2) failing to provide adequate exterior lighting; and (3) failing to provide a second employee to assist during closing. Because the issue of causation is dispositive of the appeal, we address it first.

█ A negligence cause of action[2] requires proof of proximate cause, one element of which is cause in fact. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550–51 (Tex.2005). An act or omission is a cause in fact of an injury, if without it, the harm would not have occurred. *Id.* at 551. Conversely, an act of negligence is not a cause in fact if it does no more than furnish a condition that makes the injury possible. *Id.* Cause in fact cannot be established by conjecture, guess, or speculation. *Id.*

Here, Jea testified that, at or immediately before closing time on the night of the robbery,[3] a man and one or two others entered the store. Jea thought they were customers, but one of the men pulled a gun, and they robbed the store, and one of the men shot Jea in the arm.

█ Jea contends that if he had had a key to lock the door to the store from the inside, then he would have been able to lock the door, count the cash, and close the store without suffering the injury. He similarly argues that with proper exterior lighting, he would have "been more cognizant of the surroundings ... and would have gained vital seconds of notice if he discerned a person was bent on committing criminal activity within the store and

---

1. Because the store was a non-subscriber to worker's compensation insurance, Jea's recovery against it required a showing of negligence. *See Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex.1995).

2. A complaint that an owner failed to provide adequate security against criminal conduct is ordinarily a premises liability claim. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex.1998). However, no error is assigned to the submission of this case on solely a negligent activity theory.

3. On direct examination, Jea testified that the men came into the store while he was in the process of closing the store. However, on cross-examination, Jea acknowledged that the men entered the store while the store was still open for business. Additionally, Jea testified that one of the men had been in the store about 15 minutes before the robbery to buy beer, but had to leave to get his identification. Therefore, when he returned, Jea assumed he was a customer.

potentially injuring [him]." Likewise, Jea asserts that the presence of a second employee would have provided both a deterrent to criminals and another set of watchful eyes to warn of potential danger. However, there is no evidence in our record that any of these measures, individually or in combination, would have prevented either the robbery or the shooting that caused Jea's injury. Although common sense would suggest that employing these measures might have theoretically made the store somewhat more difficult to rob, and possibly even prevented the robbery from occurring *in the manner that it did,* there is no empirical data, expert opinion, or other evidence that such measures have *actually* had any effect on preventing or reducing such crimes where they have been implemented, let alone a reasonable probability that this particular robbery or shooting would have been deterred or thwarted by using them. Because Jea's issues thus fail to demonstrate that his injury would not have occurred but for the alleged omissions by the store, they are overruled, and the judgment of the trial court is affirmed.

SEYMORE, J., concurs in result only.