In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-12-00021-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                          ROBERTO
YANEZ, JR          

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Roberto Yanez, Jr., filed a petition
for writ of mandamus listing Charles C. Bailey, the Titus County District
Attorney, and the 276th Judicial District Court in Titus County as
respondents.  Yanez states that he was
arrested in Titus County, that the arrest resulted in a detainer that “excludes
him from participating in rehabilitative and educational programs,” and that he
filed a motion to dismiss the pending charge “based on the State’s failure to
bring Petitioner to trial within the prescribed 180 day period specified under
the” Interstate Agreement on Detainers Act. 
Yanez prays that we issue a writ of mandamus compelling the district
court and Bailey “to either dismiss the pending charge or bring him for a
hearing.”  

            This Court has jurisdiction to issue
a writ of mandamus against “a judge of a district or county court in the court
of appeals district.”  Tex. Gov’t Code Ann. § 22.221(b) (West
2004).  Because we do not have
jurisdiction against a district attorney unless necessary to enforce our
jurisdiction—and because Yanez has not demonstrated that mandamus relief is
necessary for this purpose—we have no jurisdiction to the extent Yanez seeks
relief against Bailey.

            This leaves the request that writ
issue against the district court.  Mandamus
is an extraordinary remedy that issues only to correct a clear abuse of
discretion or violation of a duty imposed by law when no other adequate remedy
by law is available.  State v. Walker, 679 S.W.2d 484, 485
(Tex. 1984) (orig. proceeding).  Due to
the nature of this remedy, it is Yanez’s burden to properly request and show
entitlement to the mandamus relief.  Walker v. Packer, 827 S.W.2d 833, 837–39
(Tex. 1992) (orig. proceeding); see
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992,
orig. proceeding) (“Even a pro se applicant for a writ of mandamus must show
himself entitled to the extraordinary relief he seeks.”). 

            Yanez has the obligation to provide
us with evidence in support of his claim that he is entitled to mandamus
relief.  He filed letters from the United
States Department of Justice to Bailey requesting that final disposition be
made on the charge.  The last letter sent
to Bailey September 28, 2010, reminded that Yanez was to be brought to trial “on
the charges specified in your detainer” or the “180 day time period [would]
lapse on December 19, 2010.”  There is
nothing among the papers filed by Yanez indicating whether any further action
was taken or even establishing the pendency of an action in the 276th Judicial District
Court.

            Titus County, ostensibly the county
involved here, lies within both the 276th Judicial District and the 76th
Judicial District—mostly overlapping districts covering Titus, Camp, and Morris
Counties, except that the 276th Judicial District also covers neighboring
Marion County.  Though Yanez claims that
the 276th Judicial District Court is responsible, the only court reference in
the forms he has attached to his petition references the 76th Judicial District
Court.

            There is no record from either
district court, and nothing to suggest that any charges are still pending or
that any request has been made to either court for a ruling.  Hence, Yanez has failed to meet his burden to
show entitlement to mandamus relief.

            We deny the petition for writ of
mandamus. 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          January 25, 2012

Date
Decided:             January 26, 2012

 

Do
Not Publish

 

 






 help and injury
results from the act of the employee in voluntarily proceeding to do the work without
assistance. When the employee does not seek assistance when it is available and,
judging his or her own ability to perform the work, could not have foreseen or anticipated
injury, it cannot be said by any reasonable inference the employer should have foreseen
possible injury. Id.
          These cases are distinguishable. Forrest contends he was provided an unsafe
instrument for performing his work. He does not allege he was performing a task he
regularly performed or that his injuries were caused by an unforeseen limit to his strength
or ability where he would have been in the best position to foresee possible injury. He
contends, instead, that the unsafe characteristics of the ladder caused him to fall. Vital
Earth provided the ladder Forrest alleged was unsafe, and Vital Earth was therefore in a
better position to foresee possible dangers from its use. While the allegedly unsafe
condition of the ladder may not have been apparent to Forrest, Vital Earth, as the one who
chose it, was in a better position to foresee its risks. The employer has the nondelegable
duty to provide a safe work environment. Cabrera v. Delta Brands, Inc., 538 S.W.2d 795,
797 (Tex. Civ. App.‒Texarkana 1976, writ ref'd n.r.e.). The servant is under no duty to
inspect the equipment unless inspection is a part of work he or she is employed to perform. 
Prunty, 454 S.W.2d at 884. Vital Earth, therefore, had the nondelegable duties to inspect
the ladder for safety and to provide Forrest a safe place to work. Injury was foreseeable
where it failed in these duties. Forrest has produced evidence sufficient to raise a fact
issue as to whether Vital Earth supplied him with a defective and unsafe ladder which
proximately caused his injuries.
          Forrest's deposition testimony that the ladder was unsafe due to a slick surface and
an improper foot clearance must be taken as true for purposes of a no-evidence summary
judgment review. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
This testimony is sufficient to raise a fact issue as to whether Vital Earth breached its
duties to provide a safe work environment and to properly inspect equipment, and whether
such breach was a proximate cause of Forrest's injuries. We find that reasonable and
fair-minded people could differ in their conclusions and that Vital Earth's point on cross-appeal, therefore, should be overruled.             
          We reverse the judgment and remand the case to the trial court for further
proceedings. 


                                                                           Donald R. Ross
                                                                           Justice 
            
Date Submitted:      October 2, 2003
Date Decided:         October 28, 2003