# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

ERIKA GUZMAN,

      Plaintiff - Appellant

v.

SELECT PORTFOLIO SERVICING, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-794

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

## I.    BACKGROUND

In 2004, Plaintiff-Appellant Erika Guzman ("Guzman") signed a deed of trust and promissory note payable to New Century Mortgage Corporation ("New Century").  This loan was secured by real property collateral located at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20488

8262 Fuqua Gardens, Houston, Texas, 77075. Bank of America serviced Guzman's mortgage loan. On August 30, 2012, New Century assigned the mortgage to Deutsche Bank National Trust Company. Because the mortgage was in default, Bank of America referred the loan to Recontrust Company, and on August 14, 2012, Recontrust Company sent Guzman a notice of acceleration and institution of foreclosure proceedings.[1]

In a letter dated September 12, 2012, Bank of America notified Guzman that her mortgage loan would be "transferred to a new servicer for the handling of all loan servicing needs such as billing, payment processing, and customer support." The letter further notified Guzman that "[b]eginning October 01, 2012, your new servicer will be [Defendant-Appellee] Select Portfolio Servicing Inc." ("SPS"). Additionally, the letter advised that "[t]hrough September 30, 2012," Guzman should continue to make her "monthly payment as usual."

On September 20, 2012, in response to a request from Guzman, Bank of America sent a letter instructing her how to reinstate the loan in time to prevent the foreclosure sale. That letter provided that "[r]einstatement funds must be payable to 'Bank of America, N.A.'" Further, the letter provided that "[r]einstatements must be paid with certified funds or money order and mailed to one of the addresses listed below." The two addresses listed on the letter were both Bank of America addresses. The letter stated that the reinstatement calculation amount would only be valid through October 1, 2012.

Subsequently, on September 27, 2012, SPS sent a letter informing Guzman that it would begin servicing her mortgage on October 1, 2012, and

---

[1] Guzman had previously been in default on the mortgage. Bank of America had sent numerous letters to Guzman regarding her loan default and reinstatement calculations. These letters were dated July 14, 2009, December 3, 2010, January 31, 2011, April 25, 2011, July 12, 2011, December 2, 2011, and July 3, 2012.

No. 14-20488

that her prior servicer would "stop accepting mortgage payments after 09/30/12."

Guzman claims that on September 28, 2012, she contacted Bank of America in an attempt to make a payment in satisfaction of the reinstatement calculation. Guzman further claims that Bank of America informed her that it was unable to locate the loan or to take payment. Guzman also claims that she subsequently contacted SPS and received a similar response.

On October 2, 2012, the property was sold at the trustee's sale to the highest bidder, AH4R I TX, LLC, for $96,000. On March 7, 2013, Guzman brought suit against Bank of America, AH4R I TX, LLC, and SPS in state district court in Harris County, Texas. The petition raised claims of negligence and breach of contract. Bank of America removed the suit to federal district court based on diversity jurisdiction. The district court granted summary judgment in favor of SPS and Bank of America. Subsequently, the district court dismissed AH4R I TX, LLC based on a stipulation by the parties.

After filing a notice of appeal, Guzman and Bank of America filed a joint motion for entry of agreed order of dismissal with prejudice, stating that they had "resolved the issues between them that gave rise to the pending appeal." On November, 24, 2014, pursuant to the joint motion, this Court dismissed the appeal as to Bank of America. Guzman now appeals the summary judgment in favor of SPS.

II.   ANALYSIS

A. Standard of Review

"We review a grant of summary judgment de novo, applying the same standard as the district court." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009). The moving party is entitled to summary

3

No. 14-20488

judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).

### B. Breach of Contract

Guzman contends that the district court erred in granting summary judgment in favor of SPS on her breach-of-contract claim. Under Texas law, the elements of a breach-of-contract claim are: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of Am. NA,* 343 F.3d 540, 544–45 (5th Cir. 2003).

Guzman admits that she did not tender payment to SPS.[2] It is also undisputed that Guzman never tendered reinstatement funds to Bank of America. As previously set forth, upon her request, Bank of America had sent Guzman a letter explaining exactly how she could reinstate her loan in time to prevent the foreclosure sale. She had been instructed to send the reinstatement funds to Bank of America and given a post office box address for regular mail and a physical address for overnight delivery. The letter also instructed Guzman that the reinstatement calculation was good through October 1, 2012. By failing to tender the payment, Guzman failed to perform under the contract. Nonetheless, Guzman claims that her failure to tender the payment was excused by SPS's actions. *Cf. Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform.").

---

[2] SPS argues that there is no valid contract between it and Guzman. However, in light of our determination, *infra*, that Guzman has failed to show that SPS's actions excused her duty to perform, we need not address that argument.

No. 14-20488

More specifically, Guzman contends that when she called SPS and inquired about paying the reinstatement funds, SPS informed her that it "could not take the payment, as it was not yet in possession of her file and not yet the servicer." In Guzman's affidavit, she asserted that on September 28, 2012, she called Bank of America and was told that the "file was currently in transition and as a result they were unable to locate the loan or take payment." Her affidavit further provides that "[f]ollowing [her] conversation with the Bank of America representative [she] contacted" SPS and was informed that SPS "was not in possession of the file and was unable to locate the loan or take payment." Although Guzman's affidavit does not expressly provide that she called SPS on September 28, 2012 (the same day she called Bank of America), such a conclusion may be inferred from (1) her statement that she contacted SPS following her conversation with the Bank of America representative and (2) her contention that SPS told her it was "not yet the servicer." September 28, 2012 was a Friday. Accordingly, if Guzman called SPS on the next business day, Monday, October 1, 2012, SPS would have been the new servicer for the mortgage.

Accordingly, Guzman does not allege that her conversation with SPS occurred on or after October 1, 2012, the effective date that SPS became the servicer for her mortgage loan.[3] Because Guzman has failed to even allege that SPS had become the servicer of her loan when she contacted SPS about the payment, she has not raised a genuine issue of material fact with respect to whether she failed to perform or whether SPS's actions excused her failure to

---

[3] SPS's representative's declaration provides that there is "no record of any phone conversations occurring between employees of SPS and [Guzman] prior to the October 2, 2012 foreclosure sale." However, in reviewing the grant of summary judgment, we view the evidence in the light most favorable to Guzman.

perform.    The district court properly granted summary judgment as to Guzman's breach-of-contract claim.

### C. Negligence

Guzman next contends the district court erred in granting summary judgment in favor of SPS on her claim of negligence.  "In order to establish negligence, evidence must be produced to establish a duty, a breach of that duty, and damages proximately caused by the breach."  *Werner v. Colwell,* 909 S.W.2d 866, 869 (Tex. 1995).

Guzman asks this Court to impose a new common law duty on mortgage servicers.  More specifically, Guzman asserts that "this Court should recognize the duty of a mortgage service provider to create a transparent and continuous method for making and receiving mortgage payments during servicer transfer up to and including the foreclosure date."  Under Texas law, when determining whether to impose a new common law duty, a court "balances the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant."  *Nabors Drilling, Inc. v. Escoto*, 288 S.W.3d 401, 410 (Tex. 2009) (internal quotation marks and citation omitted).

Even assuming arguendo that we, as a federal court sitting in diversity, would impose the new common law duty Guzman proposes, Guzman has failed to point to any evidence that SPS acted or failed to act in a manner that breached such a duty once it became the servicer.  As set forth previously, SPS sent a notice to Guzman clearly stating that it would become her new servicer for the loan on October 1, 2012.  Guzman has not even alleged that she contacted SPS after it became the servicer of her loan.  Thus, Guzman has failed to raise an issue of material fact with respect to her claim of negligence.

No. 14-20488

For the above reasons, the judgment of the district court is AFFIRMED.