In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00606-CV

____________


WALTER F. CROWDER, TRUSTEE OF THE ANN L. CROWDER
ESTATE TRUST, Appellant


V.


ANN L. CROWDER ESTATE TRUST, JOHN C. CROWDER, RONALD
LEE CROWDER, AND JAMES C. CROWDER, JR., Appellees






On Appeal from the 405th District Court 

Galveston County, Texas

Trial Court Cause No. 05-CV-0488 





MEMORANDUM OPINION


 Appellant, Walter F. Crowder, trustee of the Ann L. Crowder Estate Trust,
appeals from a summary judgment rendered in favor of appellees, the Ann L.
Crowder Estate Trust, John C. Crowder, Ronald Lee Crowder, and James C. Crowder,
Jr. (collectively, the Trust), on Crowder's claims against the Trust arising from his
service as trustee. In two issues, Crowder contends that the trial court erred by
granting the Trust's motion for summary judgment and failing to grant Crowder's
motion for partial summary judgment. We affirm.

Factual and Procedural Background

 Ann L. Crowder died in 1986. Her last will and testament created the Ann L.
Crowder Estate Trust and named James C. Crowder, Sr. the original trustee. 
Appellant, Walter F. Crowder (Crowder) became the trustee in 2003 after three
beneficiaries, John, Ronald, and James Jr., accused James C. Crowder, Sr. and his
wife, Betty Payne Crowder, of financial improprieties. In June 2005, the Trust sued
Crowder, James C. Crowder Sr., Betty Payne Crowder, and James Crowder Funeral
Homes, Inc. to recover funds they claimed that James Sr. and his wife had
misappropriated. The parties reached a mediated settlement agreement, by which all
parties released any and all claims that in any way arose from, connected with, or
related to facts giving rise to the agreement, including any that were statutory or
contractual in nature. Crowder signed the agreement as follows: "Walter F. Crowder,
Individually and as Trustee of the Ann L. Crowder Estate Trust." 

 Several months later, Crowder sued the Trust, seeking reimbursement of costs
spent investigating the financial improprieties. His live pleadings assert the following
claims: (1) breach of contract, (2) quantum meruit, (3) promissory estoppel, (4) right
of reimbursement pursuant to section 114.063(a) of the Property Code, (5) statutory
lien pursuant to section 114.063(b) of the Property Code, (6) constructive trust, (7)
a temporary restraining order and temporary injunction, (8) the appointment of a
receiver, and (9) attorney's fees. 

 In January 2006, the Trust filed a traditional motion for summary judgment,
claiming that it was entitled to prevail as a matter of law on all of Crowder's claims. 
Crowder filed a motion for partial summary judgment with respect to his claims for
reimbursement, breach of contract, and attorney's fees. See Tex. R. Civ. P. 166a(a),
(b). The trial court signed an order denying Crowder's motion and then signed an
order granting the Trust's motion. Neither order stated the grounds on which the trial
court relied. 

Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we must indulge every
reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Id. A
defendant who moves for summary judgment on the plaintiff's claims must
conclusively disprove at least one element of each of the plaintiff's causes of action. 
Little v. Tex. Dep't of Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004). A
defendant who moves for summary judgment on an affirmative defense must establish
the defense as a matter of law. Long Distance Int'l, Inc. v. Telefonos de Mex., 49
S.W.3d 347, 350-51 (Tex. 2001). 

 When, as here, a summary judgment does not specify the grounds on which it
was granted, the appealing party must demonstrate that none of the proposed grounds
is sufficient to support the judgment. Rogers v. Ricane Enters., 772 S.W.2d 76, 79
(Tex. 1989); Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex. App.--Houston [1st
Dist.] 1988, writ denied). Conversely, we will affirm the judgment if any one of the
theories advanced in the motion is meritorious. Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 157 (Tex. 2004). 

Summary Judgment for the Trust Crowder's first point of error challenges the summary judgment rendered in
favor of the Trust on all of his claims. The Trust moved for summary judgment on
the grounds that, by signing the settlement agreement, Crowder released all claims
the Trust could assert, including attorney's fees, and statutory or contractual claims
stemming from facts giving rise to or connected with the earlier lawsuit that resulted
in the agreement. 

 To be afforded the protection of a release, the releasing instrument must
specifically name or identify the party seeking protection. McMillen v. Klingensmith,
467 S.W.2d 193, 196 (Tex. 1971). A party may properly assert the affirmative
defense of release provided the releasing instrument refers to that party by name or
with such descriptive particularity that his or her identity or connection with the event
giving rise to the release is not in doubt. Duncan v. Cessna Aircraft Co., 665 S.W.2d
414, 420 (Tex. 1984). Because Texas law treats releases like contracts, we interpret
releases like any other contract. See Williams v. Glash, 789 S.W.2d 261, 264 (Tex.
1990); Stroop v. N. County Mut. Ins. Co., 133 S.W.3d 844, 851 (Tex. App.--Dallas
2004, pet. denied).

A. Whether the Settlement Agreement Sufficiently Identified Crowder

 Crowder contends that summary judgment was improper because the Trust did
not establish that the settlement agreement applied to him in his capacity as trustee. 
An individual acting in an official or representative capacity is, in law, a distinctly
separate individual from the same person acting as an individual. See Werner v.
Colwell, 909 S.W.2d 866, 870 (Tex. 1995); Elizondo v. Tex. Natural Res.
Conservation Comm'n, 974 S.W.2d 928, 931 (Tex. App.--Austin 1998, no pet.). 
Crowder argues that the settlement agreement named him as an individual only and
not in his capacity as trustee. 

 The settlement agreement does not differentiate between Crowder as an
individual and as a trustee except in a single paragraph in which James Sr. agreed to
indemnify the settling parties, including Crowder in his capacity as trustee. 
Nonetheless, the signature block of the settlement agreement identifies Crowder as
"Walter F. Crowder, Individually and as Trustee of the Ann L. Crowder Estate Trust." 
Thus, Crowder signed the settlement agreement in both capacities. In compliance
with McMillen, the signature block of the agreement identified Crowder and
connected him to the released claims, both individually and in his capacity as trustee. 
See Suttles v. Thomas Bearden Co., 152 S.W.3d 607, 612 (Tex. App.--Houston [1st
Dist.] 2004, no pet.) (concluding that identifying company within signature block of
promissory note was sufficient to satisfy requirement of identification, despite lack
of reference to company within body of note). 

 We therefore hold that the settlement agreement sufficiently identified
appellant in his capacity as trustee.

B. Whether Crowder Released his Claims by the Settlement Agreement

 Having determined that the settlement agreement sufficiently identified
Crowder in his capacity as trustee, we address whether the agreement incorporated
appellant's claims. 

 To release a claim effectively, an instrument must refer to the claim. Victoria
Bank & Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991). By the language of the
settlement agreement, Crowder released any claims arising from, or in any way
connected to the previous lawsuit, including statutory or contractual claims,
injunctive relief, and attorney's fees. (1) Crowder's claims arise from costs associated
with auditing and investigating the financial improprieties alleged in the prior
litigation and costs incurred while acting in his position as trustee. The broad
language of the release portion of the settlement agreement also encompasses
Crowder's claims for reimbursement and attorney's fees on both statutory and
contractual grounds, as well as his claim for injunctive relief. 

 We hold that Trust established, as a matter of law, its affirmative defense that
the release portion of the settlement agreement encompassed and thus barred
Crowder's claims. Accordingly, the Trust was entitled to prevail on this contention.

 We overrule Crowder's first point of error. (2)


Conclusion


 We affirm the judgment of the trial court.







 Sherry Radack


 Chief Justice 

Panel consists of Chief Justice Radack and Justices Alcala and Bland.




 
1. The Agreement states:


 Except as otherwise specifically provided for herein, John, Ron, James Jr., James Sr.,
Betty, Walt, and the Funeral Home, each on his, her, or its own behalf and on behalf
of all persons claiming by, through or under him, her, or it, hereby release, acquit,
forever discharge, and covenant not to sue any of the others or their respective agents
and attorneys, heirs, legal representatives, successors, and assigns from and with
respect to any and all claims, demands, losses, damages, liabilities, actions, and causes
of action of any kind and nature whatsoever (whether at law or in equity, whether
known or unknown, whether asserted or not in any pending or future litigation or
whether fixed or contingent) that in any way arise from, are or will be connected with,
or relate to any dealings or stated facts existing on or before the effective date of this
Agreement including without limitation those for specific performance, injunctive
relief, actual, punitive, special, statutory, or other damages regardless of whether any
entitlement to such damages is alleged to be contractual, tortious, or statutory in
nature, and those for other or further relief connected in any manner with any claims,
including without limitation interest, attorney's fees, and costs of litigation.
2. In his second issue, Crowder argued that the trial court erred by not rendering partial
summary judgment in his favor on his claims of reimbursement, breach of contract,
and attorney's fees. Review of this issue is precluded by our holding that the release
portion of the settlement agreement bars all of Crowder's claims as a matter of law.